IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELVIS HANES,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director of NDCS, in their official capacity only; ROSALYN COTTON, Chairman, Nebraska Board of Parole, in their official capacity only; LAYNE GISSLER, members, Nebraska Board of Parole, in their official capacity only; BOB TWISS, members, Nebraska Board of Parole, in their official capacity only; MARK LANGAN, members, Nebraska Board of Parole, in their official capacity only; and HABIB OLOMI, members, Nebraska Board of Parole, in their official capacity only;<br><br>                Defendants. | 8:22CV156<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on what has been docketed as Plaintiff's request for service by the U.S. Marshals (filing 16), motion to reconsider the appointment of counsel (filing 21), and motion to continue in forma pauperis (filing 22).

      First, Plaintiff submitted a written request on June 8, 2022, in which he states he is "requesting form USM-285" and is "acknowledging that [he] will be financially responsible for any services by the US Marshals." (Filing 16.) Plaintiff then states, "My family has paid for private service of process for the initial summons, however that option has been exhausted and I have filed a motion to continue in forma pauperis for any remaining costs incurred." (*Id.*)

In the court's May 26, 2022 Memorandum and Order on initial review, the court permitted Plaintiff's First Amendment Establishment Clause claims to proceed to service of process against Defendants Scott Frakes, Rosalynn Cotton, Layne Gissler, Bob Twiss, Mark Langan, and Habib Olomi, in their official capacities only (collectively "Defendants"), and directed Plaintiff to advise the court in writing within 30 days if he wished to have the U.S. Marshals Service serve summons on Defendants pursuant to Fed. R. Civ. P. 4(c)(3). (Filing 9.) Plaintiff filed a request for USM-285 forms on June 8, 2022 (filing 16), but since that time Defendants have filed an answer. (*See* Filing 30.) Thus, to the extent Plaintiff's request could be construed as a motion for service by the Marshals Service on Defendants, it will be denied as moot. Alternatively, to the extent Plaintiff is requesting court-ordered service for additional defendants Plaintiff seeks to add in conjunction with a proposed supplemental pleading (*see* filings 17 and 18), the motion will be denied as premature.

Second, Plaintiff has filed a motion asking the court to reconsider its previous denial of his request for the appointment of counsel. (Filing 21.) Plaintiff asks the court to appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1) because the statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." (Filing 21 (emphasis in original).) Plaintiff reads 28 U.S.C. § 1915(e)(1) too broadly. Section 1915 governs proceedings in forma pauperis, and the provision in subsection (e)(1) of the statute permitting courts to appoint counsel is limited to those persons proceeding in forma pauperis. *See Sommersett v. City of New York*, 679 F. Supp. 2d 468, 471 (S.D.N.Y. 2010) (plaintiff whose application to proceed in forma pauperis was granted was "within the class to whom 28 U.S.C. § 1915(e)(1) applies"). Because Plaintiff is not proceeding in forma pauperis, his motion for the appointment of counsel was properly denied.

Moreover, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Even if the court were to treat Plaintiff as an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court has a "good deal of discretion" in deciding whether to request

an attorney to represent him. *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Having considered these factors, the court concludes there is no need presently for appointment of counsel.

Third, Plaintiff has filed a motion to continue in forma pauperis ("IFP") (filing 22) with a supporting affidavit (filing 23) and trust account statement (filing 24). Plaintiff asks the court to allow him to "continue in this civil action without pre-payment of any fees further incurred" because he "is an indigent inmate and cannot afford fees and costs" and he "has filed to join additional defendants and cannot afford to pay to have them served by the US Marshals service." (Filing 22.) Under 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). Here, the court cannot authorize Plaintiff to *commence* this action without prepayment of fees because Plaintiff has already paid the court's $402.00 filing and administrative fees in full. Thus, Plaintiff's motion to continue in forma pauperis (filing 22) is denied. *Shisinday v. Texas Dep't of Crim. Just.-Agency*, 124 F. App'x 898, 899 (5th Cir. 2005) (district court's denial of prisoner plaintiff's multiple motions seeking leave to proceed in forma pauperis not erroneous as prisoner had already paid the filing fee and the denial of those IFP motions did not deprive him of the opportunity to conduct discovery and to have process served on the defendants); *Johnson v. Cate*, No. 1:10-CV-00803-AWI, 2015 WL 5321784, at *1 (E.D. Cal. Sept. 10, 2015) (denying prisoner plaintiff's motion to proceed in forma pauperis because plaintiff had already paid the filing fee in full).

With respect to future costs that Plaintiff may incur, the court advised Plaintiff that under 28 U.S.C. § 1921(d), the U.S. Marshals Service "may require a deposit to

3

cover the fees and expenses prescribed" under § 1921,[1] and the remainder of the fees and expenses for serving process will either be collected by the Marshals Service or taxed as costs by the court, § 1921(a)(1). If the court is required to tax costs against Plaintiff for any future service by the Marshals Service, the court notes that Plaintiff's indigency would not prevent the court from assessing those costs or relieve Plaintiff's obligation to pay the costs. That is because 28 U.S.C. § 1915(f)(2) requires indigent prisoner plaintiffs to pay the costs either in full, or in accordance with the payment process set forth in § 1915(b)(2) when judgment is entered against a prisoner and costs against the prisoner are assessed. *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). "The prisoner's ability to pay the costs is no longer an issue." *Id*. Thus, "[b]ecause a prisoner can no longer challenge the assessment of fees from the district court on the grounds that the prisoner is unable to pay the assessment, if a court chooses to tax a prisoner costs, the prisoner is required to pay the assessment in full." *Id*. at 887 (internal citation omitted) (citing 28 U.S.C. § 1915(f)(2)(A)).

IT IS THEREFORE ORDERED that:

---

[1] Relevant fees taxed and collected pursuant to 28 U.S.C. § 1921(a) are set out in 28 C.F.R. § 0.114:

> (a) The United States Marshals Service shall routinely collect fees according to the following schedule:
> (1) For process forwarded for service from one U.S. Marshals Service Office or suboffice to another—$8 per item forwarded;
> (2) For process served by mail—$8 per item mailed;
> (3) For process served or executed personally—$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses. For each additional U.S. Marshals Service employee, agent, or contractor who is needed to serve process—$65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses.
> (4) For copies at the request of any party—$.10 per page . . . .

28 C.F.R. § 0.114.

1. Plaintiff's request for service by the U.S. Marshals (filing 16) is denied without prejudice.

2. Plaintiff's motion to reconsider the appointment of counsel (filing 21) is denied.

3. Plaintiff's motion to continue in forma pauperis (filing 22) is denied.

Dated this 6th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge