IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELVIS HANES,<br><br>            Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, et al.,<br><br>            Defendants. | **8:22CV156**<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on Plaintiff's motion for preliminary injunction (Filing 26) and related motions (Filings 27, 36, and 37), and on Plaintiff's motion for class certification (Filing 31). All motions will be denied.

      Plaintiff requests the court to order the Nebraska Department of Correctional Services (NDCS) "to remove from [his] institutional file, the Outpatient Healthy Lives Program [O-HELP] and any other program that uses the Dialectic Behavioral Therapy [DBT] skills" and to require the Nebraska Board of Parole "to hold a parole review of the plaintiff and preclude them from considering his [non-]participation in [O-HELP] or any programming recommendation that uses the DBT skills, or to show cause why a hearing should not be granted to the plaintiff at the earliest available opportunity" (Filing 26).

      Plaintiff also requests a court hearing (Filings 27 and 36), but "Federal Rule of Civil Procedure 65 does not require a hearing to be held when the court denies a motion for preliminary injunction." *Guirlando v. Mitcham*, No. 1:20-CV-01007, 2020 WL 6302285, at *4 (W.D. Ark. Oct. 2, 2020), *report and recommendation adopted*, No. 1:20-CV-01007, 2020 WL 6298072 (W.D. Ark. Oct. 27, 2020). *See also* 11A Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2949 (3d ed.) ("[P]reliminary injunctions are denied without a hearing, despite a request for one by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.").

Here, both sides have presented written evidence (see Filings 29 and 34) as well as briefs (see Filings 28, 35, and 38), and there is no showing that further evidence would be introduced at a hearing or that oral argument would be beneficial. Plaintiff has filed a "motion to compel production of documents and electronic records" (Filing 37) in advance of a hearing on his motion for preliminary injunction, but has not demonstrated any necessity for bypassing normal discovery procedures. An order setting a case progression schedule will be entered soon, after which time discovery can commence. *See* General Order No. 2020-01, ¶ 18 (Filing 3).

"A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Id.* (citing *Watkins, Inc. v. Lewis,* 346 F.3d 841, 844 (8th Cir. 2003)). "The burden on a movant to demonstrate that an injunction is warranted is heavier when granting the preliminary injunction will in effect give the movant substantially the relief it would obtain after a trial on the merits." *Stone Strong, LLC v. Stone Strong of Texas, LLC*, No. 4:21-CV-3160, 2021 WL 4710449, at *8 (D. Neb. Oct. 8, 2021) (citing *Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 790 (8th Cir. 1989)). That is the situation here.

"When evaluating whether to issue a preliminary injunction, a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest." *Roudachevski v. All-Am. Care Centers, Inc*., 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Here, none of these factors favor Plaintiff.

Plaintiff cannot demonstrate a threat of irreparable harm because he "does not have a protected, federal due process right to parole." *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (citing *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). "As Plaintiff has no constitutional right to parole, being kept in prison pursuant to his criminal sentence does not allege an irreparable injury. Plaintiff does not allege he is being kept in prison beyond the expiration of his sentence. He suffers no cognizable injury as a result. Without a finding of irreparable injury, a preliminary injunction should not be issued." *Hill v. Payne*, No. 6:21-CV-06029, 2021 WL 6284917, at *6 (W.D. Ark. Oct. 27, 2021), *report and recommendation adopted*, No. 6:21-CV-6029, 2022 WL 55029 (W.D. Ark. Jan. 4,

2

2022) (no irreparable harm shown by prisoner's allegations that defendants' actions were negatively affecting his eligibility for parole).

"[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Furthermore, "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). "Parole decisions … are an integral part of the larger interest of states in administering their own system of corrections." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). Therefore, "it is no surprise that federal courts have generally refrained from meddling in state parole proceedings." *Id.* Granting Plaintiff the preliminary injunctive relief he seeks would interfere with the orderly operation of Nebraska's correctional system and, in Plaintiff's own words, "would set legal preceden[t] and open the courts for a flood of civil actions" (Filing 31 at 1).

There is little likelihood that Plaintiff will succeed on the merits of his First Amendment Establishment Clause claim. To prevail, Plaintiff must prove that O-HELP is coercive and that the object of the coercion is religious rather than secular. *See Jackson v. Nixon*, 747 F.3d 537, 542 (8th Cir. 2014). Participaction in the program is not mandated by Nebraska law. *See Kosiski v. Frakes*, No. 8:16CV345, 2017 WL 401826, at *3 (D. Neb. Jan. 30, 2017); Neb. Rev. Stat. § 83-1,107(b) ("The department may not impose disciplinary action upon any committed offender solely because of the committed offender's failure to comply with the department-approved personalized program plan, but such failure may be considered by the board in its deliberations on whether or not to grant parole to a committed offender."). The alleged religious aspect of O-HELP is that the DBT skills used in the program are "psychological and behavioral translations of meditation practices from Eastern spiritual training." (Filing 1 at 1-2.) But according to the declaration of Dr. Jeff Melvin, Chief Psychologist for Sexual Offense Services at NDCS and administrator of the program, O-HELP "is a clinical treatment program designed for lowering sexual recidivism risk" which "does not promote, endorse or require any participants to affirm or hold a particular religious view" (Filing 43-3, ¶ 11).

The states have "substantial interests in reducing recidivism, and in promoting reintegration and positive citizenship by parolees." *United States v. Jackson*, 866 F.3d 982, 985 (8th Cir. 2017) (citing *Samson v. California*, 547 U.S. 843, 853 (2006)). This public interest would not be served by granting Plaintiff's request for a preliminary injunction.

Finally, Plaintiff's motion for class certification will be denied because "[a] pro se plaintiff who is not an attorney cannot maintain a class action." *Gills v. Frakes*, No. 4:21CV3004, 2021 WL 1788679, at *4 n. 3 (D. Neb. May 5, 2021). "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Coleman v. Newton*, 2009 WL 1936265, at *1 (D. Neb. June 29, 2009) (quoting *Craig v. Cohn*, 80 F.Supp.2d 944, 946 (N.D. Ind. 2000)); *see also Mikale v. U.S. Dep't of Lab.*, No. 4:20CV3101, 2020 WL 7046835, at *2 (D. Neb. Dec. 1, 2020) (citing additional cases).

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for preliminary injunction (Filing 26) is denied.
2. Plaintiff's motion for hearing (Filing 27) is denied.
3. Plaintiff's motion to appear by telephone (Filing 36) is denied.
4. Plaintiff's motion to compel production (Filing 37) is denied.
5. Plaintiff's motion for class certification (Filing 31) is denied.

Dated this 27th day of July 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge